UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30483
Summary Calendar
_____

MARY BLANCHARD, on behalf of
the minor child Megan Blanchard,

                                        Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-455-L)
_____

November 26, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Mary Blanchard appeals the district court's decision to
dismiss her case with prejudice in response to Wal-Mart's 12(b)(6)
motion.  The district court held that Louisiana law precluded
Blanchard's claim.  Blanchard now argues that the district court
lacked subject matter jurisdiction because the amount in
controversy was too low to establish diversity jurisdiction.  She
had attached a stipulation to her response to Wal-Mart's motion to
dismiss that damages would not exceed $75,000.

     The amount in controversy in this case establishes diversity

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction. In order to defeat subject matter jurisdiction on that basis, it must appear to a legal certainty that the claim asserted is for less than $75,000. De Aquilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995). The district court did not find such a legal certainty, and we see no reason to overturn that determination in the face of the injuries alleged, including a severely fractured skull, concussion, and emotional distress.

Blanchard's proposed stipulation is irrelevant. According to St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938), "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." This circuit recently reaffirmed that this is still good law in De Aquilar, 47 F.3d at 1412. The district court was right to ignore Blanchard's stipulation.

For these reasons, the district court decision is

A F F I R M E D.